IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 99-122 |
| | ) | Criminal No. 00-126 |
| JOSEPH DEES | ) | Criminal No. 01-156 |
| | ) | |
| | ) | Electronically Filed |

**Memorandum Order**

On September 29, 2005, this Court conducted a hearing on the government's motions to revoke supervised release. Following presentation of evidence and arguments on behalf of defendant and the government, this Court sentenced defendant to 24 months imprisonment at each criminal number with no further supervised release to follow, and requested that the parties brief the issue of whether this Court has discretion to order these sentences to run concurrently or consecutively. This Court finds that it has discretion to run the sentences consecutively, and will exercise its discretion in that regard, based upon the evidence presented including live testimony.

**I.      Background**

Defendant pled guilty for three separate crimes which he committed on three separate dates. On March 16, 2001, he pled guilty to: one count of use of unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(2) (Criminal No. 99-122); and, one count of interstate transportation of stolen property, in violation of 18 U.S.C. § 2314 (Criminal No. 00-126); and, in August 2001, he pled guilty to one count of use of unauthorized access devices, again in violation of 18 U.S.C. § 1029(a)(2) (Criminal No. 01-156).

On October 19, 2001, the Court[1] sentenced defendant on all three cases to 51 months of incarceration, followed by three years of supervised release, to run concurrently, but issued three separate Judgment and Conviction Orders, each of which contained a three year period of supervised release.  Defendant commenced his supervised release on December 1, 2004.

At the supervised release revocation hearing, this Court found that immediately upon his release in December 2004, defendant violated numerous conditions of his release, including five positive drug tests for cocaine and heroine (the first of which occurred on December 6, 2004 - only five days after he was placed on supervised release), failing to report as directed, failing to submit monthly reports, failing to secure employment, and failing to pay restitution.  In addition, this Court found that defendant participated in a fraudulent scheme, the facts of which were similar to his crimes in Criminal Number 00-126 and 01-156, and those charges are currently pending before this Court at Criminal Number 05-172.  This Court found by a preponderance of evidence that he had violated his supervised release by testing positive for drugs, committing other federal, state or local crimes, and committing numerous other technical violations (as listed above) and therefore, sentenced him to 24 months imprisonment at each criminal complaint.

## II.    Discussion

The current issue pending before this Court is whether this Court has the discretion to order consecutive sentences in the context of violations of concurrent terms of supervised release.  The United States Court of Appeals for the Third Circuit has not addressed this issue.  Accordingly, the Court will look to the decisions of other circuits for guidance.  The Court of Appeals for the Fourth, Fifth, Seventh, Eighth, Ninth and Eleventh Circuits have all found

---

[1]The Honorable Donald E. Ziegler was originally assigned these cases.  However, upon his retirement, this Court was reassigned these cases while on miscellaneous duty.

statutory authority for the imposition of consecutive terms of imprisonment in 18 U.S.C. §

3584(a), which states, "[i]f multiple terms of imprisonment are imposed on the defendant at the

same time . . . the terms may run concurrently or consecutively."  *United States v. Deutsch*, 403

F.3d 915 (7th Cir. 2005); *United States v. Gonzalez*, 250 F.3d 923 (5th Cir. 2001); *United States*

*v. Jackson*, 176 F.3d 1175 (9th Cir.1999); *United States v. Johnson*, 138 F.3d 115 (4th Cir.

1998); *United States v. Quinones*, 136 F.3d 1293 (11th Cir. 1998); and, *United States v.*

*Cotroneo*, 89 F.3d 510 (8th Cir. 1996).  As the Court of Appeals for the Seventh Circuit most

recently stated in *Deutsch*, "a district has discretion to impose consecutive prison terms of

supervised release upon revoking concurrent terms of supervised release."  403 F.3d at 929.

In *Gonzalez*, the Court of Appeals for the Fifth Circuit also so held.  250 F.3d 923.  In

that case, defendant pled guilty to three counts at the same time that were charged in the same

indictment, and were part of the same course of conduct.  Whereas, in this case, the fact that

defendant pled guilty to three separate cases that were not part of the same course of conduct

presents an even more compelling case for applying consecutive sentences.

The theory behind sanctioning violations of supervised release, is to "sanction primarily

the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of

the underlying violation and the criminal history of the violator."  U.S.S.G. Ch. 7, Pt. A, intro.

comment, at 3(b).  After considering the defendant's continued and flagrant breaches of trust, and

his continued unwillingness to conform his behavior with the law, and based upon the evidence

presented at the hearing including live testimony, this Court will exercise its discretion to

sentence defendant to consecutive terms of 24 months at Criminal Nos. 99-122, 00-126, and 01-

156.  Additionally, this Court recommends that defendant be enrolled in a mental health and a

drug rehabilitation program during his confinement.

SO ORDERED this 24th day of October, 2005.

s/Arthur J. Schwab_____
Arthur J. Schwab
United States District Judge

cc:     All counsel of record as listed below

Brendan Conway, Esquire
United States Attorney's Office
700 Grant Street, Suite 400
Pittsburgh, PA 15219

Linda E.J. Cohn, Esquire
Federal Public Defender's Office
1001 Liberty Avenue
1450 Liberty Center
Pittsburgh, PA 15222-3716

Ramona Clark, Probation Officer
United States Probation Office

United States Marshal's Office